**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

DAVID HARDING,

                Plaintiff,

v.                                   CIVIL ACTION NO.   5:11-cv-00869

CHARTIS CLAIMS, INC., et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Defendants' Motion to Dismiss Complaint* (Document 4), wherein Defendants assert that Plaintiffs' Complaint should be dismissed "with prejudice because (1) Plaintiff's Complaint fails to state a claim upon which relief can be granted and must be dismissed pursuant to Rule 12(b)(6) [of the Federal Rules of Civil Procedure]; and, (2) alternatively, Plaintiff's Complaint is utterly without merit and must be dismissed, pursuant to Rule 12(c) [of the Federal Rules of Civil Procedure]."   Largely for the reasons set forth by Defendants in their motion, the Court grants, in part, the Defendants' motion.

*I.*

On October 8, 2011, Plaintiff David Harding initiated a civil action in the Circuit Court of Raleigh County against Defendants Chartis Claims, Inc., doing business as AIG Claim Services, National Union Fire Insurance Company of Pittsburgh, Pa, and LOTSolutions, Inc.   In a two-page, nine-paragraph pleading, Plaintiff alleges the following:

5. The Plaintiff maintained two policies of insurance with these Defendants, referenced by Customer Number 45864995 and 45864996.

6. The Plaintiff timely made a request for benefits pursuant to those policies.

7. The Defendants denied the Plaintiff's claims.

8. The Defendants' denial violates the parties' insurance contract and constitutes bad faith.

9. As a direct and proximate result of the acts of the Defendants as aforesaid, the Plaintiff has been annoyed, aggravated, incurred fees and costs, been denied benefit of the insurance policy and has otherwise been harmed.

(Complaint (Document 1-1) at 1). Plaintiff seeks "compensatory and punitive damages, including all 'Hayseeds' damages, against these Defendants in such an amount as justified by the evidence." (*Id*. at 1-2). On November 8, 2011, Defendants timely and unanimously removed the instant action to this Court pursuant to 28 U.S.C. § 1441 and invoked this Court's diversity jurisdiction pursuant to 28 U.S.C. §1332(a). (Notice of Removal (Document 1), ¶¶ 4-10 (asserting that Plaintiff is a resident of the State of West Virginia, each defendant has a principal place of business outside of West Virginia, and the benefits Plaintiff seeks to claim exceed $75,000.)[1]

Thereafter, on December 14, 2011, the Defendants moved to dismiss Plaintiff's Complaint. To date, no opposition or other response has been filed.

---

[1]    The Court may *sua sponte* satisfy itself of its subject matter jurisdiction in a civil action. Defendants, in their notice of removal, assert that the amount-in-controversy requirement has been met due to the insurance benefits Plaintiff claims.   Plaintiff has not challenged Defendants' assertion that this Court possess subject matter jurisdiction. Attached to Defendants' motion are exhibits evincing Plaintiff's Proof of Loss claims and documents explaining the insurance coverage provided to Plaintiff. (See Defs.' Mot. to Dismiss Ex. B-D), wherein the coverage limits for permanent total disability, the nature of the claim sought by Plaintiff, exceeds $75,000.

*II.*

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint or pleading.   *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). "[T]he legal sufficiency of a complaint is measured by whether it meets the standard stated in Rule 8 [of the Federal Rules of Civil Procedure] (providing general rules of pleading) . . . and Rule 12(b)(6) (requiring that a complaint state a claim upon which relief can be granted.)"   *Id.*   Federal Rule of Civil Procedure 8(a)(2) requires that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."   Fed.R.Civ.P. 8(a)(2).   This pleading standard requires that a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."   *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007).

In *Ashcroft v. Iqbal*, the United States Supreme Court stated that to survive a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Id.*   The plausibility standard "asks for more than a sheer possibility that a [party] has acted unlawfully." *Id.*   Rather, "[i]t requires [a party] to articulate facts, when accepted as true, that 'show' that [the party] has stated a claim entitling [them] to relief[.]"   *Francis*, 588 F.3d at 193 (quoting *Twombly*, 550 U.S. at 557).   Such "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.   "Determining

3

whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]"– "that the pleader is entitled to relief." *Id*. (quoting Fed.R.Civ.P. 8(a)(2)). "At bottom, a plaintiff must 'nudge[] [its] claims across the line from conceivable to plausible' to resist dismissal." *Wag More Dogs, Ltd. Liability Corp. v. Cozart*, --- F.3d ---, 2012 WL 1851326, *4 (4th Cir. 2012) (quoting *Twombly*, 550 U.S. at 570.)

Defendants challenge the sufficiency of Plaintiff's Complaint by asserting that the Complaint is void of any factual allegations to support Plaintiff's conclusory allegations. Defendants argue that it "appears" Plaintiff is attempting to assert a breach of contract claim and a common law "bad faith" claim. However, Plaintiff fails to discuss what terms of the contract were breached or provide any facts describing his request for benefits which he alleges was wrongfully denied. (Defendants' Memorandum of Law in Support of Motion to Dismiss Complaint ("Defs.' Mem.") (Document 5) at 4.)2 Alternatively, Defendants argue that a dismissal is warranted under Rule 12(c) of the Federal Rules of Civil Procedure. Defendants assert that Plaintiff maintains two polices of insurance that were issued or serviced by Defendants; that Plaintiff presented proof of loss claims for Permanent Total Disability Benefits under the two separate policies; that on the proof of loss claim forms, Plaintiff stated that he had no loss of hands,

---

2    Attached to the motion to dismiss are various exhibits including: Plaintiff's Complaint (Ex. A); Plaintiff's Proof of Loss form dated April 28, 2011 (Ex. B); Letter to Plaintiff from AIG Companies Program Administrative Office including a description of coverage (Customer no. 45864995) (Ex. C); Letter to Plaintiff from AIG Companies Program Administrative Office including a description of coverage (Customer no. 45864996) (Ex. D); Letters to Plaintiff from LOTSolutions Claims Operations, dated July 11, 2011 (indicating denial of benefits because "Physician did not report your loss was due to dismemberment or paralysis.")

fingers, feet, eyes, hearing loss or paralysis of any kind; and the two polices at issue provide Permanent Total Disability coverage when an accident results in an injury that causes loss of hands, feet, sight, or paralysis.   As a result, Defendants argue that Plaintiff's claim for Permanent Total Disability benefits is clearly not covered by the subject policies. (Defs.' Mem. at 5-7.)

Upon review of the pleading, the Court agrees that dismissal is warranted.   The Court finds that Plaintiff's Complaint is little more "than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.   In his Complaint, Plaintiff references "two policies of insurance," his request for benefits and Defendants' denial of a claim. (Compl. ¶¶ 5-6.)   Further, Plaintiff merely states in one sentence that "Defendants' denial violate [sic] the parties [sic] insurance contract and constitutes bad faith."   (Compl. ¶ 8.) Plaintiff does not allege any information about the nature of the insurance policies he maintained; the manner, character or timing of his request for benefits, or the provision or provisions of the insurance contracts allegedly breached by the Defendants.   The Complaint contains "labels and conclusions" of an alleged impropriety which is unsupported by factual assertions that would show any plausibility to an entitlement of relief.   (*See Iqbal*, 556 U.S. at 678) ("A pleading that offers labels and conclusions . . . will not do.   Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.") (citations and internal quotations omitted).   Plaintiff has failed to assert any factual allegations to support his claim that he was wrongfully denied insurance benefits.   Therefore, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted and dismissal of his Complaint is warranted.[3]   In light of this finding, the Court need not consider Defendants' alternative motion.

---

3    The Court also observes that Plaintiff, who is represented by counsel, has done little to prosecute this matter beyond the filing of the Complaint. Plaintiff has not filed any response to the pending motion to dismiss or motion for

5

*III.*

Upon consideration of Plaintiff's Complaint and the instant motion, the Court finds that Plaintiff has not sufficiently pled a claim upon which relief can be granted.   Therefore, the Court does hereby **ORDER** that Defendants' Motion to Dismiss Complaint (Document 4) be **GRANTED** with respect to Defendants' motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.   Plaintiff's Complaint is hereby **DISMISSED WITHOUT PREJUDICE**. Defendants' alternative request for dismissal pursuant to Rule 12(c) of the Federal Rules of Civil Procedure is **DENIED AS MOOT**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:   May 30, 2012

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

---

summary judgment filed on March 23, 2012.